# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 06-1418 AG (MRW) | Date | June 6, 2017 |
|---|---|---|---|
| Title | Poslof v. Martel | | |

**Present: The Honorable** Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff / Petitioner: | Attorneys Present for Defendant / Respondent: |
|---|---|
| None present | None present |

**Proceedings:** ORDER TO SHOW CAUSE

    1.    Petitioner previously attempted to obtain habeas corpus relief from his sex offender registration conviction in this Court. After an evidentiary hearing with the previously-assigned magistrate judge, the Court denied relief. (Docket # 177, 179.) The Ninth Circuit Court of Appeals affirmed that decision in late 2011.[1] (Docket # 221.)

    2.    Nearly six years later, Petitioner filed a short motion seeking relief from judgment under Federal Rule of Civil Procedure 60. (Docket # 224.) Petitioner claims – without any detail or supporting evidence – that he has been "profoundly impaired" for years due to earlier brain surgery. (Id. at 1.)

    3.    Petitioner's motion is too vague and unintelligible to lead to relief. Relief under Rule 60 may be appropriate when "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law[, or] other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262-63 (9th Cir. 1993). The district court's denial of a motion for relief or reconsideration is reviewed on appeal for abuse of discretion. See, e.g., United States v. Kuok, 671 F.3d 931, 947 n.9 (9th Cir. 2012).

    4.    Petitioner's motion failed to address any of these issues. His simple reference to an operation that occurred nearly 30 years ago is far too inadequate to cast constitutional doubt on his criminal conviction or this Court's adverse judgment. Moreover, given the passage of

---

[1] The Court is also aware that Petitioner tried (unsuccessfully) to commence a new habeas action in this Court. Poslof v. Sherman, ED CV 15-2526 AG (MRW) (C.D. Cal.). The Court summarily dismissed that action as defective and successive.

time and the amount of review his case has already received in the federal court system, he fails to convincingly demonstrate any basis upon which this Court should exercise discretion on his behalf.

5. Petitioner is therefore ordered to show cause why the Court should not summarily deny the motion and close the action again. Petitioner's response to this OSC (not to exceed 10 pages plus exhibits) will be due by July 3. If Petitioner wishes to voluntarily dismiss his motion with no further consequences, he may promptly do so.